UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-01-DLB

JEFFREY L. ROHRBACK                                                    PLAINTIFF

v.                **MEMORANDUM OPINION AND ORDER**

JARED MUSE
MAYSVILLE POLICE DEPARTMENT                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Jeffrey Rohrback is an inmate confined at the Luther Luckett Correctional Complex. Rohrback has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted his motion to proceed *in forma pauperis* by prior Order.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Rohrback alleges that in March 2014, detective Jared Muse of the Maysville Police Department interviewed him and held him against his will after he asked to leave "so that he could plant thoughts in my head." Rohrback also states that

1

Muse told him that "all this would go away" if he admitted to committing the crime, wrote an apology letter, and left the state for eight years. Rohrback alleges that as a result of these actions he was wrongfully accused and convicted. Rohrback claims that the defendants violated his constitutional rights and seeks an award of damages. (Doc. # 1).

In November 2015, Rohrback was convicted in Mason County, Kentucky upon his conditional plea of guilty to the First Degree Rape of a 10-year-old victim. He was sentenced to a 20-year term of imprisonment. On direct appeal, Rohrback asserted the same claims he sets forth in his present complaint. The Supreme Court of Kentucky rejected Rohrback's claims that his interrogation by Muse and the incriminating statements he made in the letter of apology should be suppressed as having been obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Rohrback v. Commonwealth*, 2015-SC-696-MR, 2017 WL 3634330 (Ky. Aug. 24, 2017).

In this case, Rohrback claims, in essence, that he was convicted because Muse questioned him in violation of his constitutional rights and that questioning resulted in procurement of the evidence directly responsible for his conviction. This claim would, if proven, necessarily undermine confidence in Rohrback's criminal conviction. Accordingly, the complaint must be dismissed without prejudice as prematurely filed until Rohrback's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Johnson v. Winstead*, 900 F. 3d 428, 431-32 (7th Cir. 2018) ("Johnson seeks damages arising from the admission of his (allegedly) [un-*Mirandized*] statements at trial, resulting

2

in two wrongful convictions. Claims of this kind necessarily imply the invalidity of the convictions, so *Heck's* rule of deferred accrual applies.").

Even if a court could conclude that the evidence procured by Muse was merely relevant, but not essential, to Rohrback's criminal culpability, his complaint would still be subject to dismissal. Under that scenario, Rohrback's claims would not be filed too early in light of *Heck*, but too late under the one-year statute of limitations applicable to § 1983 claims. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). *See Moore v. Burge*, 771 F. 3d 444, 446 (7th Cir. 2014) ("[C]laims based on out-of-court events, such as gathering of evidence, accrue as soon as the constitutional violation occurs. That's because misconduct by the police does not (at least, need not) imply the invalidity of any particular conviction."). But here, the evidence about which Rohrback complains was essential to his conviction and formed the primary basis for his appeal to the Kentucky Supreme Court. The Court adheres to its conclusion that the deferred-accrual rule of *Heck* applies, requiring dismissal without prejudice.

Accordingly, it is **ORDERED** as follows:

(1)   Rohrback's complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

(2)   The Court will enter an appropriate judgment; and

(3)   This matter be **STRICKEN** from the active docket.

This 29th day of January, 2019.



Signed By:
*David L. Bunning*   DB
United States District Judge

J:\DATA\ORDERS\ProSe\19-01 MOO Dismissing Complaint.docx