**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 19-1-DLB**

**JEFFREY L. ROHRBACK,**                                                      **PLAINTIFF**


**VS.**                                            **ORDER**


**JARED MUSE et al.**                                                      **DEFENDANTS**

*** *** *** ***

In January 2019, state inmate Jeffrey Rohrback filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 asserting constitutional claims against a police officer arising from events related to his criminal prosecution.  (*See* Doc. #1).  Rohrback sued only the police officer who interrogated him and the police department who employed the officer; he did not name as defendants the Circuit Court in which he was convicted or the Commonwealth of Kentucky.  For relief, Rohrback sought only monetary damages; he did not seek relief from his conviction or sentence.  (*See id*. at 1-2, 6).

Upon initial screening, the Court dismissed the complaint without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) or alternatively by the applicable statute of limitations.  (*See* Doc. # 5).  Rohrback did not appeal.  He did not seek reconsideration.  And he did not otherwise contend that the Court had misapprehended either the nature of his claims or the nature of the relief he sought.

Now, more than seven years later, Rohrback moves to vacate that dismissal.  (*See* Doc. # 7).  Rohrback does not argue that his § 1983 claims were viable.  Instead, he contends that the Court committed a "mistake" within the meaning of Rule 60(b)(1) of the

1

Federal Rules of Civil Procedure because it did not "liberally construe" his § 1983 complaint as something completely different: a habeas corpus petition pursuant to 28 U.S.C. § 2254.  (*See id*. at 1-2).

Rule 60(b) permits a district court to grant relief from a judgment for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud . . ., misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007) (internal quotation marks omitted).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001).

A judge's asserted legal errors fall within Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 534 (2022).  But Rohrback cannot seek relief under Rule 60(b)(1) at this late juncture.  Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).  The Court

entered judgment on January 29, 2019.  (*See* Doc. # 6).  Rohrback's motion comes more than six years too late.

That relegates Rohrback to seeking relief under Rule 60(b)(6), which is a catch-all provision that authorizes a court to grant relief from a judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Notwithstanding that broad language, courts have held that resort to this section is not appropriate unless the movant establishes that truly extraordinary circumstances warrant relief.  *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) (Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief.").

The Court denies relief under that Rule 60(b)(6) for several reasons.  First, Rohrback argues, expressly and at length, that his grounds for relief constitute a mistake under Rule 60(b)(1).  Accordingly, he may not invoke the catch-all provision of Rule 60(b)(6) as a separate ground for relief.  *See Frank v. Good Samaritan Hosp. of Cincinnati, Ohio*, No. 23-3275, 2023 WL 6623635, at *2 (6th Cir. Oct. 11, 2023) ("Rule 60(b)(6) authorizes relief only for reasons that aren't addressed elsewhere in Rule 60. And a different subsection of Rule 60—Rule 60(b)(1)—addresses mistakes of law.") (*citing Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)); *Harness v. Taft*, 801 F. App'x 374, 378 (6th Cir. 2020) (same).

Second, Rohrback waited far too long to file his motion.  Rule 60(c)(1) required him to file a motion under Rule 60(b)(6) "within a reasonable time."  How much time is "reasonable" to file a Rule 60(b) motion "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  *In re Vista-*

*Pro Auto., LLC*, 109 F.4th 438, 446 (6th Cir. 2024) (citations omitted), *aff'd sub nom. Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto.*, LLC, 146 S. Ct. 579 (2026).  Nowhere in the span of his 22-page motion does Rohrback address the timeliness of his motion or offer any explanation for the seven-year delay in filing it.  (*See* Doc. # 7).

The circumstances surrounding the dismissal of this case also indicate that he should have filed any such motion promptly after judgment.  After all, when dismissing the complaint the Court expressly noted that *Heck* functionally required Rohrback to seek habeas relief before asserting his civil claims.  (*See* Doc. # 5 at 2).  Had Rohrback intended his filing to serve as such a request for habeas relief, he should have said so shortly after receiving the Court's order dismissing the case.  Instead, he said nothing for more than seven years.  Courts routinely reject motions to vacate filed so long after case dismissal.  *Cf. United States v. Dailide*, 316 F.3d 611, 617-18 (6th Cir. 2003) (noting that delays of three, four, and five years before filing a motion to vacate under Rule 60(b)(4) have been held unreasonable); *Simmons v. City of Detroit, Mi*, No. 24-1962, 2025 WL 3142422, at *2 (6th Cir. June 5, 2025) ("A five-year delay between judgment and the filing of a Rule 60(b)(6) motion generally does not satisfy the 'reasonable time' requirement of Rule 60(c)(1).") (*citing Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 75–76 (6th Cir. 2012) (collecting cases).

Third, Rohrback's argument that the Court should have "construed" his § 1983 complaint as a habeas corpus petition is without merit.  The Court takes seriously its obligation to afford additional latitude to parties who are not educated in the eccentricities of the law or its practice.  *Haines v. Kerner*, 404 U.S. 519, 596 (1972).  But "[w]hile the

allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged." *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 633 (6th Cir. 2012) (*quoting Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003)).

In this case, Rohrback filed a civil complaint seeking monetary damages against the officer and county involved in pressing criminal charges against him. (*See* Doc. # 1). He did not file a habeas corpus petition; did not name as a defendant either the trial court, presiding judge, or warden; and did not request relief from this conviction or sentence. There was therefore no indication from Rohrback's civil complaint that he sought any relief other than that evident from the face of the pleading. Nor is there any indication that Rohrback subjectively intended otherwise. After all, in January 2019 his motion under RCr 11.42 was still pending in the state trial court when he filed his civil complaint. (*See* Doc. # 7 at 7). Rohrback seeks this relief only after he apparently failed to file a timely petition under Section 2254. His motion therefore does not ask the Court to correct its error, but to rectify Rohrback's own failure to timely seek habeas relief. Rule 60(b) is not intended for such a purpose.

The cases relied upon by Rohrback do not suggest otherwise. For example, in *Sueing v. Palmer* the prisoner sent a letter to the district court asking it to either rule upon the habeas claims that he had previously submitted in a Section 2254 petition or to extend his time to exhaust other claims in the state courts. Given the unique procedural history in the case, the Sixth Circuit held that the court should have treated the letter as a new § 2254 petition. 503 F. App'x 354 at 357 (6th Cir. 2012). In *Jones v. Skipper*, the prisoner sent a letter to the district court alleging that his legal materials had been lost and

expressing concern about missing the approaching deadline to file a § 2254 petition.  The Sixth Circuit held that the prisoner's letter could not itself be construed as a § 2254 petition because it did not specify any grounds for habeas relief.  *Jones v. Skipper*, No. 19-2413, 2020 WL 7212383, at *2 (6th Cir. July 17, 2020) (*citing* Rule 2(c) of the Rules Governing § 2254 Cases and *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) ("… the district court's reading of Socha's July 15 document is a fair one, and [] even a generous reading of this document falls so short of Rule 2(c) that it cannot be accepted as the petition itself.")).  In both instances, the habeas nature of the claims asserted and relief sought was clearly apparent to the district court.  No such circumstances were present here.

In this case Rohrback asserted only civil claims.  His complaint offered no hint that he intended to challenge his conviction, something he was already doing in pending state court proceedings.  To go as far as Rohrback demands here would have required the Court to functionally serve as his counsel, something countermanded by its obligation to serve as a neutral decisionmaker in cases pending before it.  *See Pliler v. Ford*, 542 U.S. 225,  231 (2004) (". . . the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.") (*quoting McKaskle v. Wiggins*, 465 U.S. 168, 183-184 (1984)).  *See also Mayes v. Kentucky Parole Bd.*, No. 3: 18-CV-32-GFVT, 2018 WL 3594971, at *2 (E.D. Ky. July 26, 2018) ("It is one thing for a Court to infer the basis for a claim where a pro se plaintiff is silent or equivocal on the subject, it is quite another to pretend that the plaintiff asserts a different claim than the one actually written on the page simply because that claim will necessarily fail.  The appropriateness of a court's recharacterization of a pro se plaintiff's claim is at its lowest when the plaintiff has clearly made a choice regarding the legal basis

6

for his claim.  Mayes having expressly invoked one source for his claim, the Court cannot rightfully choose another one for him under the guise of 'liberal construction.'"), *appeal dismissed*, No. 18-5872, 2018 WL 6132522 (6th Cir. Oct. 3, 2018).

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's motion to vacate (Doc. # 7) be, and is hereby **DENIED**.

This 2nd day of April, 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Rohrback 19-01 DLB Order.docx